MORTIMER PORTER, Respondent, *v.* ELISHA RUCKMAN, Appellant.

EVIDENCE. EXCEPTIONS TO TESTIMONY. *Exceptions to testimony, in itself wholly immaterial to any issue in the case, are not available upon appeal.*

APPEAL REVIEW. *Where the finding of a referee, upon questions of fact, is wholly without evidence, it can be reversed by this court; but, if the testimony is conflicting, and the finding has evidence to sustain it, it cannot be reviewed here.*

ATTORNEY AND CLIENT. BAR TO RECOVERY. *Without a statement of the case, what seems to be determined is, that an attorney, conducting various suits for a client, by commencing an action for the recovery of compensation for his services while the causes are still pending, and under his direction, which suit we may suppose to be for some cause discontinued, does not thereby bar his subsequent right of recovery for those services.*

*Messrs. Lyon & Porter*, for the respondent.

*E. A. Doolittle*, for the appellant.

GROVER, J. The exception taken by defendant's counsel to the testimony of plaintiff, upon his cross-examination, "That he did not think the defendant spoke to him about going on with the other cases (at the close of the trial of the case against the Astor company), and that, if he did, he referred him to his counsel," was not well taken. The ground assigned therefor was, that it was not responsive to the question. It is immaterial whether it was or was not. The testimony was not material. It had no tendency to prove or disprove any issue in the case. The same answer applies to the exception taken to the testimony of Southmayd; that he would have advised the Union company to settle with defendant, and pay him the money in the action against the Union company, had the attachment been bonded. The testimony was wholly immaterial upon the question principally litigated upon the trial, whether the plaintiff had faithfully and diligently attended to, and managed, the business of the defendant as his attorney in the different suits, or had

improperly delayed the same, and, by his negligence and want of attention, had caused large expenses to the defendant, and other losses, unnecessarily ; which question was decided by the referee in favor of the plaintiff as a question of fact. The testimony was conflicting, and the finding of the referee thereon cannot be reviewed in this court. Had the finding been wholly without evidence, it could be reversed here, but there is evidence in the case sustaining it. The question, whether the plaintiff had commenced an action against the defendant for the recovery of compensation for his services as his attorney, while he continued to sustain that relation, and whether he sued out an attachment in such action, and caused the same to be levied upon the subjects of litigation in the respective suits in which he was attorney, could not affect the right of recovery in the present action. There was no proof that any other action was pending for the same cause, nor was any such defense set up in the answer in this action. The defense sought to be shown was, that, by bringing such prior suit, and, especially, by suing out the attachment, and levying the same, the plaintiff forfeited his right of recovery for the services rendered. No such consequence could result therefrom. The plaintiff either had the right to maintain the former suit for the recovery of his services at the time of the commencement, or he had not. If he had such right, no one would insist, that it was impaired by commencing an action. If his right to bring the action did not exist, the only consequence of bringing it would be a liability for the costs of the defense ; and, if there was no reasonable or probable cause therefor, a liability to respond in damages in an action for malicious prosecution, but no forfeiture or loss of the same, or of any other claim of the plaintiff against the defendant. The judgment appealed from must be affirmed.

Affirmed.